**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **KEVIN ALEXIS VALLE CERNA,** | § | |
| | § | |
| ***Petitioner***, | § | |
| **v.** | § | |
| | § | |
| **WARDEN OF THE ERO EL PASO** | § | |
| **CAMP EAST MONTANA;** | § | |
| **MARY DE ANDA-YBARRA,** | § | |
| *in her capacity as Director, El Paso Field* | § | **EP-26-CV-01338-DCG** |
| *Office, Immigration and Customs* | § | |
| *Enforcement and Removal Operations*; | § | |
| **MARKWAYNE MULLIN,** | § | |
| *in his capacity as Secretary of the* | § | |
| *Department of Homeland Security*; **and** | § | |
| **TODD BLANCHE,** | § | |
| *in his capacity as Acting Attorney General of* | § | |
| *the United States*, | § | |
| | § | |
| ***Respondents***. | § | |

## ORDER STRIKING DEFECTIVE FILINGS

For the following reasons, the Court **STRIKES** several of Petitioner's filings as

**DEFICIENT**.

### I.    BACKGROUND

Attorney Stephen Ramirez filed a Petition for Writ of Habeas Corpus on Petitioner Kevin

Alexis Valle Cerna's behalf on May 11, 2026.[1]

---

[1] *See* Pet., ECF No. 1, at 1, 12.

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, rather than the cited document's internal pagination.

**A.     Attorney Joseph Ward's Notice of Appearance**

On May 28, 2026, a second attorney (Joseph Ward) filed a putative Notice of Appearance on Petitioner's behalf.[2]  That filing was deficient because it purported to be a Notice of Appearance before the Department of Homeland Security rather than the U.S. District Court for the Western District of Texas.[3]

**B.     Mr. Ward's First Motion to Substitute**

Mr. Ward then filed a motion to substitute himself in Mr. Ramirez's place as Petitioner's sole counsel of record (the "First Motion to Substitute").[4]  The Clerk of Court struck the First Motion to Substitute as deficient because the caption erroneously stated that this case is pending in the San Antonio Division.[5]  The Clerk could have also struck the First Motion as deficient for the additional reason that it named a non-party as a Respondent.[6]

**C.     Mr. Ward's Second Motion to Substitute**

Mr. Ward filed a Second Motion to Substitute two days later.[7]  Although the Second Motion correctly reflects that this case is pending in the El Paso Division rather than the San

---

[2] *See generally* Notice Appearance, ECF No. 3.

[3] *See id.* at 1.

Mr. Ward also misspelled his own name in the Notice's signature block.  *See id.* at 3 ("Signature of Attorney or Accredited Representative | //s// Joesph [sic] Ward").

[4] *See* 1st Mot. Substitute, ECF No. 5, at 4.

[5] *See* June 2, 2026 Deficiency Notice ("Document header has incorrect Division office.  Should be El Paso Division.  Please refile."); *see also* 1st Mot. Substitute at 1, 4, 7.

[6] *Compare* 1st Mot. Substitute at 1, 4, 7 ("Bobby Thompson, et al., Respondents."), *with* Pet. at 1, 6–7 (naming four officials as Respondents—none of whom are Bobby Thompson).

The Court's research indicates that Bobby Thompson is the Warden of the South Texas ICE Processing Center in Pearsall, TX, which is over 500 miles from El Paso.

[7] *See generally* 2d Mot. Substitute, ECF No. 7.

Antonio Division,[8] it introduces a new error that wasn't present in the First Motion: it contains the wrong case number.[9]

Additionally, although Mr. Ward styles the Second Motion to Substitute as "Agreed,"[10] the filing contains no indication that Mr. Ward conferred with Respondents' counsel before filing it.[11]  Local Rule CV-7(g) authorizes the Court to deny the Second Motion for that reason alone.[12]

**D.      Petitioner's Response to Respondents' Nonexistent Summary Judgment Motion**

Then, on June 5, 2026, Petitioner filed a document titled "Petitioner's Response in Opposition to Respondent's [sic][13] Motion for Summary Judgment."[14]  That document is likewise defective for two reasons.  First, like the Second Motion to Substitute, the Response contains the wrong case number in the caption.[15]  Second, Respondents haven't filed a Motion

---

[8] *See id.* at 1, 4, 7.

[9] *Compare* 1st Mot. Substitute at 1, 4, 7, *with* 2d Mot. Substitute at 1, 4, 7 ("Case No. 4:26-cv-02280").

[10] *See* 2d Mot. Substitute at 1–2, 7, 9.

[11] *See id.* at 1–9; *see also* W.D. TEX. L.R. CV-7(g) ("A motion is unopposed only if there has been an actual conference with opposing counsel and there is no opposition to any of the relief requested in the motion.").

[12] *See* W.D. TEX. L.R. CV-7(g) ("The court may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have conferred in a good-faith attempt to resolve the matter by agreement and certifies the specific reason that no agreement could be made.").

Mr. Ward also appears to have misspelled his own email address in the Second Motion's signature block.  *See* 2d Mot. Substitute at 5 ("Email: atto<u>nr</u>eypi@brunolawgroup.law [sic]" (emphasis added)).

[13] There are four Respondents in this case, so "Respondent<u>'s</u>" should be plural.  *See, e.g.*, Pet. at 1 (emphasis added).

[14] *See* Pet'r's Resp. Mot. Summ. J., ECF No. 8, at 1.

[15] *See id.* at 4, 11 ("Case No. 4:26-cv-02880").

- 3 -

for Summary Judgment,[16] so there is no "Motion for Summary Judgment" to which Petitioner

may file a "Response in Opposition."[17]

## II.    CONCLUSION

The Court therefore **STRIKES** the following documents as deficient:

(1)    Mr. Ward's "Notice of Entry of Appearance as Attorney or Accredited Representative" (ECF No. 3);

(2)    Petitioner's Second "Motion to Substitute Counsel" (ECF No. 7); and

(3)    "Petitioner's Response in Opposition to Respondent's Motion for Summary Judgment" (ECF No. 8).

The Court **INFORMS** Mr. Ward that if he ultimately files (and the Court ultimately

grants) a Third Motion to Substitute, the Court will strongly consider ordering him to designate

local co-counsel.[18]

---

[16] *See* Resp'ts' Resp., ECF No. 6 (Respondents' only filing in this case, which is a Response to the Petition).

[17] *Contra* Pet'r's Resp. Mot. Summ. J. at 1.

[18] *See* W.D. TEX. L.R. AT-2 ("A judge presiding has discretion to require, upon notice, that an attorney who resides outside the district designate as local counsel an attorney who is licensed in this court and maintains a law office in this district.  Local counsel must have authority to act as attorney of record for all purposes, and must be prepared to present and argue the party's position at any hearing or status conference called.").

*See also, e.g.*, 2d Mot. Substitute at 5 (suggesting that Mr. Ward resides outside the Western District of Texas—namely, in or near Houston).

*See also Martinez v. El Paso Police Dep't*, No. 3:22-CV-00350, 2023 WL 9230203, at *1 (W.D. Tex. Apr. 13, 2023) (Guaderrama, J.) (explaining that "an out-of-town attorney who is unfamiliar with this Court's procedures—even one who is a member of this Court's bar—will benefit from the assistance of a local attorney who practices in this Court more frequently").

- 5 -

**So ORDERED and SIGNED this 9th day of June 2026.**

_____

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**